IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ROBERT LEE HARLING, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:25-cv-140-LAG-ALS |
| | : | |
| DOUGHERTY COUNTY JAIL, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**ORDER**

Plaintiff Robert Lee Harling, a prisoner at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Plaintiff, however, did not pay the filing fee or move for leave to proceed *in forma pauperis* in this action.[1] Therefore, Plaintiff is **ORDERED** to either pay the $405.00 filing fee or submit a properly completed motion to proceed *in forma pauperis* ("IFP") if he wants to proceed with this case. Plaintiff must complete the entire IFP application by filling out the motion and declaration as well as submitting "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

Additionally, Plaintiff must recast his complaint. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to set forth a short and plain statement showing that he is entitled to relief. Complaints that violate this rule are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings include, as

---

[1] Plaintiff filed with his complaint a document in which he states that he was unable to obtain his financial information. (Doc. 1-2). He states that he has a zero balance in his prisoner trust fund account and consents to the Court obtaining his "financial information" and charging a filing fee. *Id.* The Court, therefore, assumes Plaintiff wishes to proceed *in forma pauperis*. If this is the case, Plaintiff must follow the instructions given in this Order.

relevant here, complaints "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; complaints that do not separate each cause of action into a different count; and complaints "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1322-23 (citations omitted).

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings" because they "waste scarce judicial resources[.]" *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). A district court may dismiss a complaint as a shotgun pleading under its "inherent authority to control its docket and ensure prompt resolution of lawsuits[.]" *Weiland*, 792 F.3d at 1320. Before a complaint is dismissed with prejudice based solely on it being a shotgun pleading, however, the court generally must give a litigant an opportunity to fix the deficiencies. *Vibe Micro,* 878 F.3d at 1295.[2]

Here, Plaintiff's complaint consists mainly of conclusory allegations. For example, Plaintiff states that he was in segregation from February 19, 2024 until November 8, 2024 and "there was an unnecessary use of force on camera between March 14th and March 28th[.]" (Doc. 1, at 5). Plaintiff attached a separate document to his complaint in which he states that he was "tazed by many officers that may not have been licensed to taze" him. (Doc. 1-1, at 1). Presumably this is the "unnecessary use of force" incident to which Plaintiff refers in his complaint. (Doc. 1, at 5). Plaintiff further states his "medical rights were violated," at some point, though it is not clear how, when, or by whom. *Id.* Plaintiff also alleges without much detail that there were additional incidents of "cruel and unusual punishment[,]" such as his food being drugged, him being forced to walk around wearing only a blanket, and the fact that he had to shower in handcuffs and shackles. *Id.*; (Doc. 1-1, at 4). While

---

[2] To be precise, *Vibe Micro*, which held that a litigant represented by counsel and who fails to request leave to amend must still be given one chance to replead a shotgun pleading before it is dismissed, "decid[ed] and intimat[ed] nothing about a party proceeding pro se." *Vibe Micro*, 878 F.3d at 1296 n.6 (quoting *Wagner v. Daewoo Heavy Indus. Am. Corp*, 314 F.3d 541, 542 n.1 (11th Cir. 2002)). Nevertheless, the United States Court of Appeals for the Eleventh Circuit has applied this re-pleading rule to *pro se* shotgun pleading cases. *See Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Vibe Micro*, 878 F.3d at 1296).

unclear, Plaintiff also seems to complain about disciplinary hearings at the Dougherty County Jail. (Doc. 1-1, at 1-3).

Plaintiff mentions video cameras, videos, disciplinary hearing transcripts, and disciplinary records and suggests that the Court subpoena or otherwise obtain these items so that it might better understand his various claims. (Doc. 1, at 5; Doc. 1-1 at 1-5). However, Plaintiff will be allowed to conduct discovery only if his recast complaint survives the required preliminary review under 28 U.S.C. § 1915A. Thus, the Court cannot – at this phase of the litigation – subpoena or review any evidence to determine if Plaintiff has stated a claim upon which relief may be granted. It is up to Plaintiff to include in his recast complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). Should Plaintiff's recast complaint contain only conclusory statements and assurances that more information will be revealed in videos and records, it will likely be dismissed. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

While Plaintiff states that he is making "many separate claims[,]" he has failed to link most of those claims to any defendant. (Doc. 1, at 3). In the recast complaint, Plaintiff must link any claim raised to one or more of the named defendants. The Court will dismiss any claim that Plaintiff fails to connect with a defendant. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citations omitted) (affirming dismissal of claims against several defendants when plaintiff failed to allege facts that connect those defendants with any claim).

Finally, it appears that Plaintiff seeks to raise unrelated claims against numerous defendants in violation of Federal Rule of Civil Procedure 20. A plaintiff may not raise unrelated claims against numerous defendants in one complaint. Pursuant to Federal Rule of Civil Procedure 18, if Plaintiff

3

were naming only one defendant, he could raise as many claims as he wanted against that defendant. *See Smith v. Owens*, 625 F. App'x 924, 928 (11th Cir. 2015) (stating that "[u]nder Federal Rule of Civil Procedure 18(a), a plaintiff may generally bring as many claims as he has against a single party."). However, the situation is different when a plaintiff seeks to join numerous defendants in one action, as Plaintiff wants to do here. Plaintiff must establish two prerequisites for joining multiple defendants: (1) he is asserting a "right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences[,]" and (2) that "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims." *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (citation omitted). For there to be a "logical relationship," the claims must "arise from common operative facts[.]" *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citation omitted). Thus, Plaintiff must establish that the various "claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim*." Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citation omitted); *see also Smith*, 625 F. App'x at 928 (affirming dismissal for plaintiff's noncompliance with Rule 20 when his "complaint alleged a variety of unrelated claims against different corrections officers, arising out of different events and occurring on different dates."); *Skillern v. Ga. Dep't of Corr. Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010) (finding that plaintiff's complaint failed to comply with Rule 20 because the defendants' actions involved "separate incidents, ranging from feeding [plaintiff] inedible food to leaving him in isolation to not giving him proper medical care to improperly convicting him of a crime, occurring on different dates, and thus, . . . there appears to be no . . . alleged connection between the people and events").

With these guidelines in mind, Plaintiff must file a recast complaint. In the statement of claims section of his recast complaint, Plaintiff must clearly and concisely explain what each individual defendant did or did not do that violated his constitutional rights. Again, if Plaintiff asserts a claim but does not connect that claim to any defendant, that claim will be dismissed. Plaintiff should list each defendant he wants to sue in the heading of his complaint <u>and</u> in the statement of claims section. In the statement of claims section, Plaintiff must also tell the Court how each defendant violated Plaintiff's constitutional or federal statutory rights. It is recommended that Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct? Is he a supervisory official? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) *What* relief do you seek from this defendant?

Plaintiff should state his claims as simply as possible. Plaintiff need not use legal terminology or cite any specific statute or case law to state a claim.

The recast complaint will take the place of and supersede Plaintiff's prior complaint, all attachments to the complaint, and any letters that Plaintiff filed with the complaint or filed afterwards. (Doc. 1; Doc. 1-1; Doc. 1-2; Doc. 1-3; Doc. 3). Thus, the Court will not look back to the original complaint or any other document filed with the original complaint to determine if Plaintiff has stated

a claim. Therefore, Plaintiff should take care to include all relevant factual allegations in his recast complaint. This is not, however, an invitation to include all of the claims that Plaintiff believes he has together in this same case. As mentioned above, Plaintiff may only raise claims that are related, as defined by Rule 20 of the Federal Rules of Civil Procedure. **Plaintiff's complaint should total no more than TEN (10) PAGES.** Plaintiff is also not to include any letters, exhibits, or other attachments to his complaint.

In conclusion, Plaintiff is **ORDERED** to either pay the $405.00 filing fee or to file a proper and complete motion to proceed IFP. Additionally, Plaintiff is **ORDERED** to file a recast complaint that complies with the instructions set forth in this order. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to comply. While this matter remains pending, Plaintiff shall update the Clerk in writing of any change in address. Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of this case.

The Clerk is **DIRECTED** to forward Plaintiff a motion to proceed *in forma pauperis* with the appropriate accompanying documents and a blank 42 U.S.C. § 1983 complaint form along with his service copy of this order (with the civil action number showing on all). There will be no service in this case pending further order of the Court.

**SO ORDERED**, this 9th day of December, 2025.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE